BAGNERIS, J.,
dissents.
|,1 respectfully dissent. Based upon my review of the record, there was no meeting of the minds between Joseph C. Patín, in his capacity as managing partner of the Patín Group, and SML to form a contract.
Under Louisiana law, four elements are necessary to form a valid contract. They include: 1) the parties must have the capacity to contract; 2) the parties must freely give their mutual consent to the contract; 3) the parties must have a cause or reason for obligating themselves; and 4) the contract must have a lawful purpose. See La. C.C. arts. 1918, 1927, 1966, 1971, 2029.
The second element — mutual consent— is outlined in La. C.C. art. 1927 which provides in part that:
A contract is formed by the consent of the parties established through offer and acceptance.
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Clearly, the Patín Group, Cedric Patín, and SML now dispute the purpose, intent, and obligations created by the guaranty agreement. This dispute alone raises questions as to whether or not the parties had a meeting of the minds. However, of greater import is that I find the evidence *561 fails to establish that the |2Patin Group, the party compelled to make the payments under the Motion to Enforce Guaranty, consented to the contract, either orally, in ■writing, or by its actions.
Neither Joseph C. Patín nor any other representative of the Patín Group signed the Guaranty Agreement. Joseph C. Pa-tín was not present in court when the terms of the agreement were read and offered into the record. Although the majority notes that Attorney Andry was still, as a matter of law, enrolled as counsel of record for the Patín Group at the time the agreement was read into the record, Attorney Andry represented in open court that he was not acting in his capacity as attorney for the Patín Group or Cedric, but rather as a “friend” of the parties and the Court. Based on this representation and the potential conflict of interest between Cedric Patín and the Patín Group, in that the terms of the agreement created substantial obligations on the Patín Group in the event of Cedric’s default, I do not think this Court can say, as a matter of fact, that the Patín Group had the benefit of counsel. The record is simply devoid of any direct evidence that the Patín Group actually consulted with counsel or that any representative of the Patín Group read, understood, or agreed to the contract terms. Instead, the record suggests that Cedric Patín was the only party with whom SML conferred with concerning the terms of the guaranty agreement; and Cedric Patín was the only party who represented in open court that he understood the agreement.
Consent of the parties is necessary to form a valid contract. Where there is no meeting of the minds between the parties, a contract is void for lack of consent. Philips v. Berner, 2000-0103, p. 5 (La.App. 4 Cir. 5/16/01), 789 So.2d 41, 45. Based on the record before me, I do not find that a meeting of the minds existed between the Patín Group and SML to form an enforceable contract.
|sFor the foregoing reasons, I conclude the trial court erred in granting SML’s Motion to Enforce Guaranty, and therefore, I would reverse the judgment.